JJD:JMM
F.# 2014R00119

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

AARON WIDER,
JOSEPH FERRARA,
ERIC FINGER,
JOSEPH MIRANDO,
JOHN PETITON, and
MANJEET BAWA,

               Defendants.

- - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 01 2014 ★

LONG ISLAND OFFICE

I N D I C T M E N T

Cr. No. **CR-14  221**
(T. 18, U.S.C., §§ **SPATT, J.**
982(a)(2)(A),
1349 and 3551
et seq.; T. 21, U.S.C.,
§ 853(p))

BROWN, M. J.

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

    At all times relevant to this Indictment, unless otherwise indicated:

    1.  HTFC Corporation ("HTFC") was a licensed mortgage banker in New York State with an office located in Garden City, New York through January 2008.  Between 2003 and 2008,  HTFC issued residential mortgages to borrowers.  HTFC did not possess assets to fund these loans.  Instead, HTFC borrowed money from other financial institutions, and used such financing to issue mortgages.

    2.  First Collateral Services, Inc., Georgia Banking Company and Sovereign Bank were financial institutions that

funded mortgages issued by HTFC (the "Warehouse Lenders").  In determining whether to finance specific mortgages, the Warehouse Lenders relied on information contained in HTFC loan applications, residential contracts of sale, deeds and information provided on a U.S. Department of Housing and Urban Development ("HUD") form, known as a HUD-1, which itemized down payments made by purchasers, any adjustments to the final sales prices of properties, as well as, services and fees charged to borrowers by lenders when applying for a loan for the purpose of purchasing real estate.  The Warehouse Lenders were financial institutions as defined in Title 18, United States Code, Section 20(1).

3.    HTFC sold every mortgage it issued to other financial institutions in what was known as the secondary mortgage market.  Buyers in the secondary mortgage market relied upon HTFC to evaluate information contained in real estate contracts of sale, deeds, appraisal reports and HUD-1 settlement statements, among other documents, to determine if the mortgages were of investment grade, that is, whether the mortgages were fully collateralized by the value of the real estate and the assets and incomes of the borrowers.  Buyers in the secondary mortgage market either collected payments from the borrowers, known as mortgagors, resold the loans to other banks, or bundled such mortgages into investment products, known as collateralized

mortgage obligations or mortgage-backed securities, which were re-sold to other investors, such as pension funds, insurance companies, hedge funds and other financial institutions.

4.    GMAC, Webster Bank, Guaranty Bank and Deutsche Bank were financial institutions, as defined in Title 18, United States Code, Section 20(1), that purchased mortgages from HTFC (the "Secondary Market Financial Institutions").

5.    Nomura Securities International, Inc. also purchased mortgages from HTFC in the secondary mortgage market.

The Defendants

6.    The defendant AARON WIDER was the owner, president and sole shareholder of HTFC, which operated out of HTFC's offices in Garden City until January 2008.  After January 2008, WIDER operated HTFC out of personal residences located in Nassau and Suffolk Counties, New York that were among several residential properties that WIDER purchased with mortgages issued by HTFC.

7.    The defendant JOSEPH FERRARA was a resident of Long Beach, New York, who purchased residential real estate in Nassau and Suffolk Counties through mortgages issued by HTFC.

8.    The defendant ERIC FINGER was an attorney, admitted to practice law in New York State, who maintained a law office in Mineola, New York.

9.    The defendant JOSEPH MIRANDO was a licensed real estate appraiser in New York State, who maintained offices in Suffolk County, New York.

10.    The defendant JOHN PETITON was an attorney, admitted to practice law in New York State.  PETITON operated a solo practice from within HTFC's office in Garden City, New York.

11.    The defendant MANJEET BAWA was a resident of Dix Hills, New York, who purchased residential real estate in Nassau County through mortgages issued by HTFC.

The Fraudulent Scheme

12.    In or about and between January 2003 and January 2008, the defendants MANJEET BAWA, JOSEPH FERRARA, ERIC FINGER, JOSEPH MIRANDO, JOHN PETITON and AARON WIDER, together with others, devised a scheme and artifice to defraud the Warehouse Lenders and the Secondary Market Financial Institutions by obtaining over $30 million through materially false and fraudulent statements and by concealing material information regarding the collateral values of properties that were supposed to secure the mortgages issued and re-sold by HTFC.

13.    It was a further part of the scheme that the defendants AARON WIDER, JOSEPH FERRARA, JOHN PETITON and MANJEET BAWA, together with others, executed contracts to buy residential real estate in Nassau and Suffolk Counties from

third-party sellers in arm's-length negotiations (the "True Sales"). In connection with True Sales, the defendants WIDER, FERRARA AND BAWA, together with others, prepared HTFC mortgage loan applications that falsely inflated the prices paid for the real estate purchased in the True Sales by approximately 80 percent. The defendants also included materially false information in their loan applications concerning the source, nature and amount of their incomes, concealed their liabilities, and provided false employment and income information.

14. It was a further part of the scheme to defraud that the defendant AARON WIDER, together with others, paid the defendant JOSEPH MIRANDO to prepare false and fraudulent appraisal reports to correspond with the fraudulently inflated purchase prices contained in the false mortgage loan applications.

15. It was a further part of the scheme to defraud that the defendant AARON WIDER, as owner and president of HTFC, submitted and caused to be submitted the false mortgage loan applications to the Warehouse Lenders in order to obtain mortgage funding in amounts that substantially exceeded the True Sales prices and the collateral value of the properties.

16. It was a further part of the scheme to defraud that upon obtaining Warehouse Lender funding, based on the fraudulent loan applications, and upon closing on the True

Sales, the defendant JOHN PETITON created legal entities called trusts (the "Sham Trusts") into which the defendants AARON WIDER, JOSEPH FERRARA and MANJEET BAWA, together with others, purportedly transferred all ownership rights to the True Sales real estate for no money or other consideration. PETITON, together with others, then executed deeds and contracts of sale that purportedly sold the same properties back to the defendants WIDER, FERRARA, BAWA and others at the fraudulently inflated prices (the "Sham Sales").  The Sham Sales concealed the existence of the True Sales prices from the Warehouse Lenders and defrauded the Warehouse Lenders into providing mortgage funding that exceeded the collateral value of the real estate by approximately 80 percent.

17.  It was a further part of the scheme to defraud that the defendant ERIC FINGER, acting as settlement attorney for HTFC, concealed from the Warehouse Lenders and Secondary Market Financial Institutions the True Sales prices by preparing false and fraudulent HUD-1 settlement statements and other documents for the inflated Sham Sales.  As settlement attorney, FINGER received wire transfers into his escrow bank account from the Warehouse Lenders that substantially exceeded the price paid in the True Sales, and paid to the sellers involved in the True Sales.  FINGER then disbursed the excess funds to himself and the defendants and prepared fraudulent mortgage files, commonly

known as collateral packages, that were transmitted to the Warehouse Lenders.

18.   It was a further part of the scheme that the defendant AARON WIDER, as owner and president of HTFC, re-sold mortgages to the Secondary Market Financial Institutions by submitting and causing to be submitted the collateral packages, which falsely represented that the mortgages were fully collateralized by the properties as well as by the defendant AARON WIDER's assets and income, or the assets, liabilities and income of the defendants JOSEPH FERRARA, MANJEET BAWA, or other HTFC mortgagors.

<u>CONSPIRACY TO COMMIT BANK FRAUD</u>

19.   The allegations contained in paragraphs one through eighteen are re-alleged and incorporated as if fully set forth in this paragraph.

20.   In or about and between January 2003 and June 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants AARON WIDER, JOSEPH FERRARA, ERIC FINGER, JOSEPH MIRANDO, JOHN PETITON and MANJEET BAWA, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: Deutsche Bank, First Collateral Services, Inc., GMAC, Georgia Banking Company, Guaranty Bank, Sovereign Bank and Webster Bank,

and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, said financial institutions, by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

21.  The United States hereby gives notice to the defendants that, upon their conviction of the above-charged offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offense, including but not limited to the following:

Money Judgment:

A sum of money equal to at least thirty million dollars and no cents ($30,000,000.00); and

Specific Property:

a)  all right, title and interest in the real property and premises located at 1 Catherine Place, North Bellmore, NY 11710, Section 56, Block K01, Lot 11, and all proceeds traceable thereto;

b)     all right, title and interest in the real property and premises located at 2550 Jerusalem Avenue, Bellmore, NY 11710, Section 56, Block 213, Lot 111, and all proceeds traceable thereto;

c)     all right, title and interest in the real property and premises located at 1571 Bellmore Avenue, Bellmore, NY 11710, Section 56, Block 434, Lot 041, and all proceeds traceable thereto;

d)     all right, title and interest in the real property and premises located at 1800 Newbridge Road, Bellmore, NY 11710, Section 56, Block K1, Lot 522, and all proceeds traceable thereto;

e)     all right, title and interest in the real property and premises located at 1094 Washington Place, Baldwin, NY 11510, Section 54, Block 359, Lot 756, and all proceeds traceable thereto;

f)     all right, title and interest in the real property and premises located at 18 Monroe Avenue, Massapequa, NY 11758, Section 53, Block 043, Lot 143, and all proceeds traceable thereto;

g)     all right, title and interest in the real property and premises located at 32 Shore Drive West, Copiague, NY 11726, Section 185, Block 02.00, Section 044.064, and all proceeds traceable thereto;

h)    all right, title and interest in the real property and premises located at 312 Clocks Blvd, Massapequa, NY 11758, Section 66, Block 098, Lot 110, and all proceeds traceable thereto;

i)    all right, title and interest in the real property and premises located at 356 Arthur Street, Freeport, NY 11520, Section 62, Block 090, Lot 101, and all proceeds traceable thereto;

j)    all right, title and interest in the real property and premises located at 44 Sand Street, Massapequa, NY 11758, Section 66, Block 104, Lot 81, and all proceeds traceable thereto;

k)    all right, title and interest in the real property and premises located at 63 Carman Mill Road, Massapequa, NY 11758, Section 53, Block 002, Lot 1, and all proceeds traceable thereto;

l)    all right, title and interest in the real property and premises located at 83 Shell Street, Massapequa, NY 11758, Section 66, Block 107, Lot 80, and all proceeds traceable thereto;

m)   all right, title and interest in the real property and premises located at 885 Wantagh Avenue, Wantagh, NY 11793, Section 51, Block 474, Lot 19, and all proceeds traceable thereto;

n)  all right, title and interest in the real property and premises located at 9 Mott Street, Massapequa, NY 11758, Section 53, Block 49, Lot 2, and all proceeds traceable thereto;

o) all right, title and interest in the real property and premises located at 19 Carman Blvd, Massapequa, NY 11758, Section 66, Block 104, Lot 72, and all proceeds traceable thereto;

p)  all right, title and interest in the real property and premises located at 48 Locust Drive, Amityville, NY 11701, Section 1.00, Block 2.00, Lot 014.000, and all proceeds traceable thereto;

q)  all right, title and interest in the real property and premises located at 2 Lagoon Drive North, Copiague, NY 11726, Section 185, Block 2, Lot 39, and all proceeds traceable thereto;

r) all right, title and interest in the real property and premises located at 45 Carman Mill Road, Massapequa, NY 11758, Section 53, Block 16, Lot 58, and all proceeds traceable thereto;

s) all right, title and interest in the real property and premises located at 5 Sterling Circle, Dix Hills, NY 11746, Section 262, Block 3, Lot 15.005, and all proceeds traceable thereto; and

t)    all right, title and interest in one 2005 Lincoln
Town Car limousine VIN# 1L1FM88W95Y624083, held in the name of
Wider Bank and Trust and Aaron Wider.

22.    If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due
diligence;

b.    has been transferred or sold to, or deposited
with, a third party;

c.    has been placed beyond the jurisdiction of the
Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property, which
cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants, up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(2)(A);

Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. C.131

F. #20__R___
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

*AARON WIDER, ET AL.,*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 982 (a) (2) (A), 1349 and
3551 et seq.; T. 21, U.S.C., § 853 (p))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

**James M. Miskiewicz, Deputy Chief Assistant U.S. Attorney**
**(631) 715-7841**